

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES X. BORMES, individually and on behalf of all others similarly situated, | ) ) ) 08 C 7409 |
| Plaintiff, | ) ) |
| v. | ) Hon. Charles R. Norgle ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CHARLES R. NORGLE, District Judge

Before the Court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief May Be Granted. For the following reasons, the Motion is granted.

## I. BACKGROUND

In his Class Action Complaint, Plaintiff James X. Bormes ("Bormes") alleges the following facts. In October 2000, Defendant United States of America (the "United States" or the "Government"), through the United States Department of the Treasury's Financial Management Service, launched Pay.gov, an internet-based billing and payment processing system that allows consumers to make online payments to various government agencies by credit or debit card. Numerous Government agencies utilize Pay.gov to process online credit and debit card payments, including: the Department of Agriculture, the Department of Education, the Department of Health and Human Services, the Department of the Treasury, the Library of

1

Congress, the National Park Foundation, the Social Security Administration, and the United States District Courts.

On or about August 9, 2008, Bormes, an attorney, filed a lawsuit on behalf of one of his clients in the Northern District of Illinois using its online CM/ECF document filing system. Bormes paid the filing fee using his American Express credit card, and the transaction was processed through the Government's Pay.gov system. The Government then provided Bormes with a confirmation webpage displayed on Bormes' computer screen. Bormes printed copies of the confirmation page for his records. The confirmation page and printed copies of it contained the last four digits of Bormes' credit card number, along with the card's expiration date. Bormes alleges that the inclusion of his card's expiration date violates the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., as amended by the Fair and Accurate Credit Transaction Act. That statute provides, in pertinent part:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

Bormes purports to bring this action on behalf of himself and a class of individual cardholders who were provided electronically printed receipts from the Government on or after June 4, 2008, where the receipt displayed more than the last five digits of the cardholder's credit or debit card number and/or the expiration date of the card. He seeks, *inter alia*, statutory damages, attorneys' fees, and costs.

The United States filed its Motion to Dismiss on May 1, 2009. The Motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

The Court first notes that the Government styles its Motion to Dismiss as one brought in part for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), based on the sovereign immunity of the United States. Older case law supports the Government's position that sovereign immunity is a jurisdictional issue. United States v. Mitchell, 445 U.S. 535, 538 (1980) ("It is elementary that '[the] United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)); Bartley v. United States, 123 F.3d 466, 467 (7th Cir. 1997).

The Seventh Circuit, however, has recently interpreted newer Supreme Court precedent to indicate that the principle of sovereign immunity cannot divest District Courts of the power to adjudicate a case. "[W]hat sovereign immunity means is that relief against the United States depends on a statute; the question is not the competence of the court to render a binding judgment, but the propriety of interpreting a given statute to allow particular relief." Parrott v. United States, 536 F.3d 629, 634 (7th Cir. 2008) (citing Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 93-96 (1990) and McNeil v. United States, 508 U.S. 106, 112 (1993)). Under the more

current case law, the Court therefore finds that it has jurisdiction over this suit brought pursuant to federal statute.[1]

The dispositive issue thus becomes whether Bormes is entitled to seek relief under the FCRA on the facts he has alleged. See Schleicher v. Salvation Army, 518 F.3d 472, 478 (7th Cir. 2008) ("The district judge made one mistake, though a harmless one. That was to dismiss the suit under Rule 12(b)(1) of the civil rules. That rule is intended for cases not within the jurisdiction of the district court . . . Jurisdiction is determined by what the plaintiff claims rather than by what may come into the litigation by way of defense.") (internal citation omitted); Frey v. EPA, 270 F.3d 1129, 1132-33 (7th Cir. 2001) (explaining that certain provisions restrict a federal court's power to adjudicate matters, while other provisions merely set limits on a plaintiff's right to recover). Despite its label, the Court therefore construes the Government's Motion as brought entirely under Rule 12(b)(6), for failure to state a claim.

In deciding a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the plaintiff. See, e.g., Jackson v. E.J. Brach Corp., 176 F.3d 971, 977-78 (7th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." Smith v. Cash Store Mgmt., Inc., 195 F.3d 325, 327 (7th Cir. 1999); Leatherman v. Tarrant County, 507 U.S. 163, 168 (1993); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Court recognizes, however, that the "old formula – that the complaint must not be dismissed unless it is

---

[1] Bormes' assertion that the Little Tucker Act provides the Court with jurisdiction over this matter is therefore moot.

4

beyond doubt without merit – was discarded by the Bell Atlantic decision." Limestone Dev. Corp. v. Vill. of Lamont, 520 F.3d 797, 803 (7th Cir. 2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007)). Following Bell Atlantic, a complaint will survive a motion to dismiss only when the complaint "contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." Limestone Dev. Corp., 520 F.3d at 802-03.

## B. The Government's Motion to Dismiss

The well-established doctrine of sovereign immunity protects the United States from suit except where Congress has "unequivocally expressed" a waiver of immunity. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); Automatic Sprinkler Corp. of America v. Darla Environmental Specialists, Inc., 53 F.3d 181, 182 (7th Cir. 1995) ("The principle of governmental immunity is simple: anyone who seeks money from the Treasury needs a statute authorizing that relief."). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

Keeping these principles in mind, the Court will inquire as to whether the FCRA unequivocally expresses a waiver of sovereign immunity. The Court turns first to the FCRA's express language. The FCRA imposes liability on "any person" who willfully fails to comply with its provisions. 15 U.S.C. § 1681n(a). That statute defines a "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." Id. at § 1681a(b).

Bormes asserts that the FCRA's inclusion of the generic term "government" effectively waives the United States' sovereign immunity. The Court disagrees. As the Government

correctly points out, other federal statues have unequivocally waived the United States' sovereign immunity by expressly inserting the specific term "United States" into the statutory language. For example, the Federal Torts Claims Act authorizes "claims against the *United States*, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added); see also 28 U.S.C. § 2409a(a) ("The *United States* may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . . .") (emphasis added). In fact, a separate section of the FCRA expressly provides that the United States may be liable for certain violations. "Any agency or department of the *United States* obtaining or disclosing any consumer reports, records, or information contained therein in violation of this section is liable to the consumer . . . ." 15 U.S.C. § 1681u(i) (emphasis added). These statutes have clearly and unambiguously waived the sovereign immunity of the United States. See Lane v. Pena, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied.") (internal citations omitted). Because the section of the FCRA under which Bormes seeks relief, 15 U.S.C. § 1681n, has not so unequivocally waived the sovereign immunity of the United States, Bormes fails to present a claim under which relief can be granted. See Limestone Dev. Corp., 520 F.3d at 802-03. As the Court finds the issue of sovereign immunity dispositive of the Government's Motion to Dismiss, the Court does not reach the Government's alternative assertions in support of its Motion.

## III. CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss is granted. IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: July 24, 2009